### NOLTE et al. v. HOPKINS et al.
### No. 11848.

Court of Civil Appeals of Texas.
San Antonio.
June 16, 1948.

Neil E. Beaton and Forrest A. Bennett, both of San Antonio, for appellants.

Walter Groce, of San Antonio, Enoch Fletcher, of Grand Saline and Harry Berry, of San Antonio, for appellees.

PER CURIAM.

This suit was instituted by George C. Hopkins, individually and as chairman of the State Executive Committee of the Republican Party of Texas, and by W. C. Briggs and Hobart K. McDowell, individually and as members of the State Executive Committee of the Republican Party of Texas, and by amended pleading John J. Fogarty was made plaintiff in his capacity as County Chairman of the Republican Party of Crockett County, Texas, against Eugene Nolte, Jr., also known as Mike Nolte, R. B. Creager, Lena Gay More, Mrs. Carl W. Stearns, L. J. Benkenstein, Marrs McLean, and John Roy Black, who are members of the Headquarters Committee of the Republican Party of Texas, seeking to restrain the defendants from, among other things, filling vacancies in certain offices of County Chairmen of the Republican Party of various counties in Texas.

This is an appeal from an order granting a temporary injunction so restraining the defendants, who constitute a majority of the Headquarters Committee.

█ This injunction was sought, allegedly, for the purpose of preventing confusion at the Republican Party Precinct Conventions to be held on May 1, 1948, and the Republican County Convention to be held on May 4, 1948, and the State Convention to be held on May 24, 1948. It is a matter of common knowledge that all of these conventions were held upon the days alleged and that this temporary injunction cannot now serve the purpose for which it was sought. The questions here presented are now moot. Appellees have suggested the mootness of the case and that it be dismissed.

Appellants suggest that the order granting the temporary injunction should be reversed and the petition dismissed for the reasons pointed out in their brief. Whether we agree with appellants or appellees, we come to the same disposition of this

cause, so we see no use for any further discussion of the same.

On the ground of ·mootness, the order granting the temporary injunction will be reversed and the petition dismissed at the cost of appellants.